**Jim SULLIVAN and Committee to Elect Jim Sullivan, Appellants,**

v.

**Charles H. BUCKNAM and Division of Administrative Hearings of the State of Colorado, Appellees.**

No. 05CA0425.

Colorado Court of Appeals, Div. V.

June 1, 2006.

Icenogle, Norton, Smith & Blieszner, P.C., Charles E. Norton, Carolyn Rae Steffl, Denver, Colorado, for Appellants.

Jerri L. Hill, Parker, Colorado, for Appellee Charles H. Bucknam.

No Appearance for Appellee Division of Administrative Hearings.

RUSSEL, J.

In this action concerning campaign finance reporting, appellants, Jim Sullivan and the Committee to Elect Jim Sullivan, seek review of an order dismissing their appeal to the secretary of state. We affirm.

### I. Background

In 2003, Sullivan was a Douglas County Commissioner facing term limits. His election committee supported a ballot issue to remove these term limits. The ballot issue failed, and Sullivan became a candidate for the general assembly.

In 2004, appellee Charles H. Bucknam lodged an administrative complaint against Sullivan and the committee, alleging violations of campaign finance laws. Following a hearing, the Douglas County Clerk and Recorder fined the committee $4450 for violating Colo. Const. art. XXVIII, § 7 and § 1–45–108(1)(a)(II), C.R.S.2005. The basis of the penalty was the committee's failure to disclose, in a report on funds received for the ballot issue, the occupation and employer of four individuals who had contributed $100 or more.

Relying on Colo. Const. art. XXVIII, § 10(2)(b)(I), Sullivan and the committee appealed to the secretary of state, who referred the matter to an administrative law judge (ALJ). In a detailed order, the ALJ dismissed the appeal for lack of subject matter jurisdiction.

We have jurisdiction to review the ALJ's final decision under art. XXVIII, § 10(2)(b)(I). We conclude that the ALJ's decision was correct.

### II. Standard of Review

This appeal is governed by § 24–4–106, C.R.S.2005, of the State Administrative Procedure Act. Under this statute, we may reverse the final decision only if the agency exceeded its constitutional or statutory authority, made an erroneous interpretation of law, acted in an arbitrary and capricious manner, or made a determination that is unsupported by the evidence in the record. *McClellan v. Meyer*, 900 P.2d 24, 29 (Colo. 1995).

### III. Discussion

Appellants contend that the ALJ had jurisdiction to consider their appeal under art. XXVIII, § 10(2)(b)(I). This provision states, in pertinent part:

> Any person required to file a report with the secretary of state and upon whom a penalty has been imposed pursuant to this subsection (2) may appeal such penalty by filing a written appeal with the secretary of state no later than thirty days after the date on which notification of the imposition of the penalty was mailed to such person's last known address . . . .

Appellants argue that they were "person[s] required to file a report with the secretary of state" within the meaning of this provision because Sullivan was a candidate for the general assembly. We conclude that the ALJ properly rejected this argument.

Section 1–45–109(1), C.R.S.2005, describes the persons required to file reports with the secretary of state to include "candidates for state wide office, the general assembly . . . or any office representing more than one county . . . [and] candidate committees for such candidates." With exceptions not applicable here, the statute also provides, "All other candidates [and] candidate committees . . . shall file with the county clerk and recorder of the county of their residence."

There is no question that appellants were required to file reports with the secretary of state under § 1–45–109(1) once Sullivan became a candidate for the general assembly.

However, this does not mean that appellants acquired the right under art. XXVIII, § 10(2)(b)(I) to appeal this particular penalty to the secretary of state. The ALJ's factual findings, which are undisputed, compel the conclusion that the report at issue was filed not in connection with Sullivan's candidacy for the general assembly but solely in connection with Sullivan's position as a county commissioner.

Thus, the ALJ correctly determined that, for purposes of the report and penalty at issue, appellants were persons required to file with the county clerk and recorder, not with the secretary of state.

Appellants also argue that they were "person[s] required to file a report with the secretary of state" within the meaning of art. XXVIII, § 10(2)(b)(I) because county commissioners must file reports with the secretary of state in certain circumstances. *See, e.g.,* § 1–45–109(1) ("persons expending one thousand dollars or more per calendar year on electioneering communications shall file with the secretary of state"). We conclude that the ALJ properly rejected this argument as well.

Although appellants could have been required to file a report with the secretary of state in certain circumstances, those circumstances were not present here. Appellants do not qualify as "person[s] required to file . . . with the secretary of state" for purposes of this action merely because they could have been required to so file in other circumstances.

We therefore conclude that the ALJ correctly dismissed appellants' agency appeal for lack of subject matter jurisdiction. In reaching this conclusion, we express no opinion as to whether Jim Sullivan, on whom no penalty was imposed, would have standing to challenge the clerk and recorder's decision in an appropriate venue.

The order is affirmed.

Judge WEBB and Judge HAWTHORNE concur.